IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY R. DIEFFENBACH, | : | |
|     Plaintiff, | : | Civil Action No. 4:09-cv-967 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| EARL CRAGO, THOMAS SCOTT, MIKE | : | (Magistrate Judge Smyser) |
| GARMAN, JOE CRAIGWELL, PAUL | : | |
| SLOAD, KIM GLASER, CARRIE FERREE, | : | |
| ALLEN JONES, DONALD PATTERSON, | : | |
| COLLEEN ALVIANI, BRIAN WILLIAMS, | : | |
| GREG FAJT, JULIA SHERIDAN, MOLLY | : | |
| LEACH, WILBUR HETRICK, | : | |
| COMMONWEALTH OF PENNSYLVANIA | : | |
| DEPARTMENT OF REVENUE, and | : | |
| OFFICE OF INSPECTOR GENERAL, | : | |
|     Defendants | : | |

## MEMORANDUM OPINION

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Before the Court is Plaintiff's motion to reconsider this Court's order adopting Magistrate Judge Smyser's report and recommendation. (Doc. No. 81.)

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d

1

1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (citation omitted). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995) (citation omitted).

Plaintiff asserts two grounds for the Court to reconsider its previous order. (Doc. No. 79.) First, Plaintiff claims the Court's finding was "clearly erroneous and contrary to law." (Doc. No. 81 at 12.) In reaching this conclusion, Plaintiff asserts two primary errors: that the claims were not time barred and that Defendant Sload was acting under color of state law. (Id. at 13-16.) Second, Plaintiff asserts that he has produced new evidence. (Id.) The Court will consider these matters in turn.

Plaintiff's arguments regarding the timeliness of the claims appears to be based on a misunderstanding of what claims were dismissed for being outside the statutory limit. Magistrate Smyser recommended the Pennsylvania Human Relations Act claims brought against Defendants Crago, Craigswell, Fajt, Garman, Glaser, Hetrick, Patterson, Scott, and Sheridan be dismissed as untimely. (Doc. No. 61 at 3.) He found, correctly, that "no conduct relating to

2

those claims on the part of any of these defendants is alleged to have occurred after May of 2007." (Id.) In his motion to reconsider, Plaintiff does not cite any activity by these Defendants that occurred after May 2007. As such, there is no reason to disturb the Court's holding on this basis.

Similarly, Plaintiff's arguments regarding whether Defendant Sload was acting under the color of state law are unavailing. Plaintiff's complaint acknowledges that Sload had retired in 2005. (Doc. No. 51 ¶ 18-19.) Plaintiff claims that "Plaintiff's amended complaint #9; #21; #27; #28; #41; #50; #51; #52 and #54 specifically alleges Defendant Paul Sload was acting under color of state law, both pre and post retirement." (Doc. No. 81 at 16.) It is unclear what Plaintiff is referencing in this argument. The numbers cannot correspond to docket entries, as only Doc. No. 51 refers to one of Plaintiff's amended complaints. Nor do the numbers correspond to paragraphs in the complaint, as Plaintiff's amended complaint only includes 32 paragraphs. (Doc. No. 51.) Ultimately, neither Plaintiff's complaint nor his motion to reconsider allege any facts sufficient to find that Defendant Sload was acting under color of law after he had retired. The motion does make some reference to a conspiracy, but for the reasons the Court articulated in its earlier order, this cannot salvage his claim. (Doc. No. 79 at 2.)

"A motion for reconsideration is not an opportunity for a party to present previously available evidence or new arguments." Federico v. Charterers Mut. Assur. Ass'n, 158 F. Supp. 2d 565, 577 (E.D. Pa. 2001) (citation omitted). To that end, newly discovered evidence may only supplement a motion to reconsider if (1) the evidence is newly discovered; or (2) if the evidence was available before the judgment was rendered, that the movant made a diligent effort to uncover the evidence. See Webber v. Mefford, 43 F.3d 1340, 1345 (10th Cir. 1994); Ziggity

3

Systems, Inc. v. Val Watering Systems, 769 F. Supp. 752, 862 (E.D. Pa. 1990). Plaintiff attaches 151 pages of exhibits to his motion, (Doc. No. 81-2, 81-3), yet he makes no effort to explain the relevance of these exhibits or whether the evidence contained therein is indeed newly discovered. A review of these exhibits reveals that they provide no basis for concluding any of the claims dismissed from Plaintiff's second third amended complaint fall within the statutory limits.

**ACCORDINGLY**, on this 6th day of December 2010, upon consideration of Defendant Dieffenbach's motion to reconsider (Doc. No. 81), **IT IS HEREBY ORDERED** that the motion is **DENIED.** Magistrate Judge Smyser will continue to dispose of any remaining pretrial issues.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania