# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY R. DIEFFENBACH, : | |
|     Plaintiff, : | Civil Action No. 4:09-cv-967 |
| : | |
| v. : | (Chief Judge Kane) |
| : | |
| EARL CRAGO, THOMAS SCOTT, MIKE : | (Magistrate Judge Smyser) |
| GARMAN, JOE CRAIGWELL, PAUL : | |
| SLOAD, KIM GLASER, CARRIE FERREE,: | |
| ALLEN JONES, DONALD PATTERSON, : | |
| COLLEEN ALVIANI, BRIAN WILLIAMS, : | |
| GREG FAJT, JULIA SHERIDAN, MOLLY : | |
| LEACH, WILBUR HETRICK, : | |
| COMMONWEALTH OF PENNSYLVANIA : | |
| DEPARTMENT OF REVENUE, and : | |
| OFFICE OF INSPECTOR GENERAL, : | |
|     Defendants : | |

## MEMORANDUM OPINION

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Before the Court is Plaintiff's motion to reconsider this Court's order denying reconsideration of this Court's order adopting Magistrate Judge Smyser's Report and Recommendation. (Doc. No. 81.) During the course of this suit, Plaintiff has engaged in increasingly vexatious litigation. This motion is no exception. Parties are of course entitled to zealously defend their rights and advance their interests. However, the decision to file a baseless motion to reconsider a motion to reconsider an order adopting a magistrate's report and recommendation represents an unfortunate decision to engage in duplicative and abusive litigation. This matter has been fully litigated once before Magistrate Judge Smyser and twice before this Court. Plaintiff presents no new reason to grant his remarkable motion. Because Plaintiff has failed to meet his burden, the motion must be denied.

Although consideration of the merits of his motion is not required, the Court will briefly review the substantive law in the hopes of heading off any future meritless motions to reconsider. The Pennsylvania Human Relations Act ("PHRA") provides that the right to be free from discrimination in the employment context is "a civil right which shall be enforceable as set forth in this act." 43 P.S. § 953 (emphasis added). To seek relief under the PHRA, the aggrieved party must file a complaint with the Pennsylvania Human Relations Commission ("PHRC"). Id. § 959(a). The complaint must be filed within 180 days of the alleged act of discrimination. Id. § 959(h). When alleging ongoing discriminatory conduct, the complaint must be filed within 180 days of the most recent act of discrimination. See, e.g., Barclay v. AMTRAK, 343 F. Supp. 2d 429, 433 (E.D. Pa. 2004).

In creating the PHRC, "the Legislature recognized that only an administrative agency with broad remedial powers, exercising particular expertise, could cope effectively with the pervasive problem of unlawful discrimination. Accordingly, the Legislature vested in the Commission, quite properly, maximum flexibility to remedy and hopefully eradicate the 'evils' of discrimination." PHRA v. Alto-Reste Park Cemetery Assoc., 306 A.2d 881, 887 (Pa. 1973) (citing 43 P.S. § 952(a)). To ensure that the PHRC is able to effectuate this purpose, the Supreme Court of Pennsylvania has held that the procedures set forth in the PHRA for resolving such claims are "mandatory rather than discretionary." Clay v. Advanced Computer Applications, 559 A.2d 917, 919 (Pa. 1989). As such, the Act gives the PHRC "exclusive jurisdiction of a complaint alleging violations under the PHRA for a period of one year," and the complainant may not bring suit in court until he or she exhausts such remedies. Id. at 920 (quoting Lukus v. Westinghouse Elec. Corp., 419 A.2d 431, 454-55 (Pa. Super. Ct. 1980)).

In the present action, it is less than clear that Plaintiff has indeed exhausted his administrative remedies under the PHRA. The only indication that Plaintiff even filed a PHRA complaint is an allegation in one of Plaintiff's many amended complaints that he filed a complaint with the PHRC "on or about" October 29, 2007. (Doc. No. 5 ¶ 33.) Applying the 180 day limitations period to this administrative complaint, alleged actions that took place prior to May 2007 would be time barred unless connected to some activity that took place after that date. Plaintiff has not alleged in his complaint or his voluminous supplemental record any discriminatory activity by any of the Defendants at issue in this motion that took place after May 2007.[1]

In short, as a matter of procedure Plaintiff's motion is unavailing because he has not demonstrated the existence of: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). As a matter of substance, Plaintiff's motion is unavailing because he has not presented this Court with any allegations of specific conduct by these Defendants within the statutory period that could constitute discrimination.

---

[1] Although somewhat ambiguous, the parties appear to be operating under the assumption that the operative limitations period provides Plaintiff with two years from the date of the last act of discrimination to file a civil complaint. The Court is unable to locate any support for this proposition. The PHRA does require that a party file a civil claim within two years of the dismissal of an administrative complaint. 43 P.S. §962(c). However, this period does not impact the statute of limitations provided by the PHRA in 43 P.S. § 959(h). Moreover, even if a two-year period were applied in this matter Plaintiff's claims would still be barred. Plaintiff filed his first civil complaint on May 21, 2009, and thus under this theory, all discrimination that occurred prior to May 21, 2007, would fall outside the limitations period.

3

**ACCORDINGLY**, on this 22nd day of December 2010, upon consideration of Plaintiff's motion to reconsider (Doc. No. 91), **IT IS HEREBY ORDERED** that the motion is **DENIED.** Plaintiff is further admonished that relief in the form of reconsideration will only be forthcoming where the moving party is able to demonstrate: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. For other claims of error, the appropriate means of redress is via a timely appeal to the United States Court of Appeals for the Third Circuit.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania