UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY R. DIEFFENBACH, | : | **CIVIL NO. 4:09-CV-0967** |
| Plaintiff | : | (Chief Judge Kane) |
| v. | : | (Magistrate Judge Smyser) |
| EARL CRAGO, *et al.*, | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

The plaintiff claims that the defendants violated Title VII and the Pennsylvania Human Relations Act by retaliating against him for making a statement and testifying on behalf of a fellow employee. The plaintiff has failed to serve one of the six remaining defendants, and so we recommend that that defendant be dismissed from the case. The determinative issue with respect to the remaining defendants is whether the plaintiff exhausted administrative remedies prior to commencing this action. Because the plaintiff did not include the claims that he raises in this case in his administrative complaint, he did not exhaust administrative remedies. Thus, the defendants are entitled to summary judgment.

Background.

The plaintiff commenced this action by filing a complaint on May 21, 2009. He amended his complaint a number of times. The operative complaint is the third amended complaint (doc. 51).

Numerous claims and defendants have been dismissed from the case. The remaining claims are the Title VII claim against the Commonwealth of Pennsylvania Department of Revenue (DOR) and the Pennsylvania Human Relations Act (PHRA) claims against defendants Alviani, Ferree, Williams, Jones and Leach. Those claims are retaliation claims.

The plaintiff alleges that he submitted a statement in support of the discrimination claim of another employee. He also alleges that he testified on behalf of that employee. He alleges that he was then harassed in various ways and treated more severely than other employees in retaliation for doing so.

2

Defendants DOR, Alviani, Ferree, Williams and Jones filed answers (docs. 87 & 94) to the third amended complaint.

Defendants DOR, Alviani, Ferree and Williams have filed a motion for summary judgment. The motion has been briefed and is addressed in this Report and Recommendation.

Summary Judgment Standard.

"'Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law.'" *The Circle School v. Pappert*, 381 F.3d 172, 177 (3d Cir. 2004)(quoting *Pi Lambda Phi Fraternity, Inc. v. Univ. of Pittsburgh*, 229 F.3d 435, 441 n.3 (3d Cir. 2000)).

A fact is material if it will affect the outcome of the trial under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might

3

affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

Summary judgment is not appropriate when there is a genuine dispute about a material fact. *Id.* at 248. A dispute as to an issue of fact is "'genuine' only if a reasonable jury, considering the evidence presented, could find for the non-moving party." *Childers v. Joseph*, 842 F.2d 689, 693-94 (3d Cir. 1988). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Anderson, supra,* 477 U.S. at 249-50. In determining whether a genuine issue of material fact exists, the court must consider all evidence in the light most favorable to the non-moving party. *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988).

4

Discussion.

Before we address the motion for summary judgment, we address the plaintiff's failure to serve defendant Leach. Defendant Leach has neither entered an appearance nor been served in this case. On January 12, 2010, Judge Muir ordered the plaintiff to serve defendant Leach among others on or before February 9, 2010. The plaintiff has not served defendant Leach. Therefore, we will recommend that defendant Leach be dismissed pursuant to Fed.R.Civ.P. 4(m).

Defendants DOR, Alviani, Ferree and Williams present a number of arguments in support of their motion for summary judgment. One of those arguments is that the plaintiff failed to exhaust administrative remedies. The plaintiff filed a complaint with the Pennsylvania Human Relations Commission. But the defendants contend that he nevertheless failed to exhaust administrative remedies because his administrative complaint did not include the claims at issue in this case.

5

Both Title VII and the PHRA "establish administrative remedies and procedures that claimants must exhaust prior to bringing a civil action in court." *Burgh v. Borough Council of Montrose*, 251 F.3d 465, 469 (3d Cir. 2001). The parameters of the civil action are defined by the scope of the administrative investigation that reasonably can be expected to grow out of the administrative charge. *Atkinson v. LaFayette College,* 460 F.3d 447, 453 (3d Cir. 2006).

The plaintiff's administrative complaint contained two counts. In the first count, the plaintiff alleged that he complained to his supervisors (including defendant Ferree) about younger workers taking extended breaks and not being disciplined for doing so. He alleged that in October of 2007 he received a negative performance appraisal in retaliation for doing so. In the second count, the plaintiff alleged that, in October of 2007, defendant Ferree gave him a verbal warning for being late from returning from a break even though younger workers were not disciplined for taking extended breaks. He alleged that he is 57 years old and that he was discriminated against because of his age.

6

The claims in this case concern retaliation for making a statement and testifying on behalf of a coworker.  They do not concern the same events that were at issue in the plaintiff's administrative complaint.  They also do not involve age discrimination or retaliation for reporting age discrimination as did the administrative complaint.  The scope of any investigation of the plaintiff's administrative complaint reasonably could not be expected to include the plaintiff's retaliation claims for supporting a coworker.  Thus, the plaintiff has failed to exhaust administrative remedies with respect to the claims in this case.  Accordingly, the defendants are entitled to summary judgment.

The motion for summary judgment was brought by defendants DOR, Alviani, Ferree and Williams.  The same counsel who represents defendants DOR, Alviani, Ferree and Williams filed an answer on behalf of defendant Jones.  So it is not clear why the motion for summary judgment was not also brought on behalf of defendant Jones.  Nevertheless, since the plaintiff has failed to exhaust administrative remedies, defendant Jones is entitled to summary judgment.

**Recommendations**.

It is recommended that the motion (doc. 114) for summary judgment be granted and that defendants DOR, Alviani, Ferree, Williams and Jones be granted summary judgment.  It is also recommended that defendant Leach be dismissed pursuant to Fed.R.Civ.P. 4(m).  Finally, it is recommended that the case be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:   June 10, 2011.