IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY R. DIEFFENBACH, | : | |
|     Plaintiff, | : | Civil Action No. 4:09-cv-967 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| EARL CRAGO, THOMAS SCOTT, MIKE | : | (Magistrate Judge Smyser) |
| GARMAN, JOE CRAIGWELL, PAUL | : | |
| SLOAD, KIM GLASER, CARRIE FERREE,: | | |
| ALLEN JONES, DONALD PATTERSON, | : | |
| COLLEEN ALVIANI, BRIAN WILLIAMS, | : | |
| GREG FAJT, JULIA SHERIDAN, MOLLY | : | |
|  LEACH, WILBUR HETRICK, | : | |
| COMMONWEALTH OF PENNSYLVANIA | : | |
| DEPARTMENT OF REVENUE, and | : | |
| OFFICE OF INSPECTOR GENERAL, | : | |
|     Defendants | : | |

## **MEMORANDUM OPINION**

The only claims remaining[1] in this action are Plaintiff's claims alleging violations of Title VII[2] against Defendant Department of Revenue and alleging violations of the Pennsylvania Human Rights Act against Defendants Alviani, Ferree, Williams, Jones, and Leach. Currently pending before the Court is Magistrate Judge Smyser's Report and Recommendation[3] (Doc. No.

---

[1] The Court previously granted a motion to dismiss Plaintiff's claim for First Amendment retaliation pursuant to 28 U.S.C. § 1983. (Doc. No. 79.)

[2] Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an employer . . . to discriminate against any individual . . . because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000e-2(a)(1). Plaintiff has not presented any evidence to show that she was discriminated against on the basis of any such characteristic. It appears that Plaintiff is actually attempting to raise a claim under the ADEA for age discrimination. Ultimately, however, this distinction does not affect the outcome of Plaintiff's suit.

[3] The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b) provide that any party may file written objections to a magistrate's proposed findings and

123) that Defendants' motion for summary judgment on all remaining claims (Doc. No. 114) be granted. Plaintiff has filed a memorandum labeled "Plaintiff's, Pro Se, Reply Brief Objection to Court Report and Recommendation Dated June 10, 2011." (Doc. No. 124.) In that memorandum, Plaintiff urges the Court to strike Magistrate Smyser's Report and Recommendation. However, Plaintiff fails to lodge any actual objection to the Report and Recommendation. For the reasons stated herein, the Court will adopt Magistrate Smyser's Report and Recommendation and grant Defendants' motion for summary judgment.

Magistrate Judge Smyser's Report and Recommendation turned on whether Plaintiff exhausted his administrative remedies. Specifically, Defendants contend that the claims Plaintiff raised in his administrative complaint are unrelated to the claims raised in Plaintiff's civil complaint. The issues that may be raised in a civil action are defined by "the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Atkinson v. Lafayette Coll., 460 F.3d 447, 453 (3d Cir. 2006); see also Clay v. Advanced Computer Applications, 559 A.2d 917, 919-20 (Pa. 1989) (holding PHRA claims must be raised with the PHRC prior to those claims being litigated in court). In Plaintiff's administrative complaint he asserted two claims of age discrimination, alleging his supervisors, including Defendant Ferree retaliated against Plaintiff for reporting younger workers who took extended breaks without being disciplined and alleging that Defendant Ferree gave him a warning for taking an extended break while younger workers were not disciplined for the same activity. (Doc. No. 117-4 at 3-4.) Plaintiff's civil complaint, however, raises claims of retaliation for

---

recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1).

testifying on behalf of an African American coworker and uncovering corruption in the Department of Revenue. (Doc. No 51.) To the extent that these claims assert violations of Title VII, the ADEA, or the PHRA, they were not within the scope of any potential administrative investigation that could have reasonably grown out of Plaintiff's administrative complaint. The claims are therefore not exhausted, and Magistrate Judge Smyser properly recommended that the motion for summary judgment be granted.[4]

Finally, Defendant Leach has neither entered an appearance nor been served in this case. On January 12, 2010, Judge Muir ordered Plaintiff to serve Defendant Leach before February 9, 2010. (Doc. No. 35.) Plaintiff has not served Defendant Leach. Therefore, he shall be dismissed from this action pursuant to Fed.R.Civ.P. 4(m).

**ACCORDINGLY**, on this 29th day of June 2011, **IT IS HEREBY ORDERED THAT** the Report and Recommendation (Doc. No. 123) is **ADOPTED** and the motion for summary judgment is **GRANTED** (Doc. No. 114). The clerk of court is directed to close the case.

    S/ Yvette Kane
    Yvette Kane, Chief Judge
    United States District Court
    Middle District of Pennsylvania

---

[4] Although not addressed in the Report and Recommendation, Defendants are also correct that Defendants' actions do not rise to the level of a hostile work environment as alleged in Plaintiff's complaint. Therefore, summary judgment would be warranted on this basis as well.